UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  21-20579-CR-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

WILLI ARIEL MENDEZ,

      Defendant.

_____/

### DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The defendant, Willi Ariel Mendez, respectfully files the below objections to the Presentence Investigation Report (DE 45 ("PSI").)

**I.**    **Factual Objections and Corrections:**

**Paragraphs 9 & 28** – The PSI recites that Mr. Mendez identifies himself as the master.  This is incorrect. Mr. Mendez *was identified* by the boarding team as the master, but he did not himself make that claim.

**Paragraph 51** – Mr.  Mendez's sister Carianey is 24 years old, his sister Daurie is 23.

**Paragraph 52** – Mr. Mendez's grandmother is named Ramona Margarita **Mendez**, and her husband is named Santos **Beste**.  Additionally his mother was unable to care for him because she had to work in the capital to earn money to support the family. He was raised with both maternal half-siblings, not just his brother.

1

**Paragraph 53** – Mr. Mendez met Ms. Nova Segura when they were teenagers.

**Paragraph 54** – Mr. Mendez's partner's first name is Julyngly.   They have been together for six years.

**Paragraph 55** – Mr. Mendez and his family resided in the home referenced therein for six months prior to his arrest and paid 5,000 Dominican Pesos per month.[1]

## II.     Guideline Objections

### A.  Unopposed Objection to captain enhancement, paragraph 34

U.S.S.G. § 2D1.1(b)(3)(C) provides for an enhancement if a defendant "acted as a pilot, copilot, captain, navigator,… or any other operation officer aboard any craft or vessel carrying a controlled substance." The parties concur that this enhancement does not apply to Mr. Mendez.   The basis of the captain enhancement in the PSI appears to be that he was identified by the boarding officers as being the master of the vessel. That is insufficient under the law for the enhancement to apply.

### B. Objection for not receiving minor role

Mr. Mendez further objects to not receiving a two-point decrease for minor role under U.S.S.G. § 3B1.2(b).  In determining whether to apply a reduction for minor role, the court should consider the following list of factors:

(i)      the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)     the degree to which the defendant participated in planning or organizing the criminal activity;

---

[1] Despite advising the probation officer that undersigned counsel required her presence at the PSI interview, the probation officer proceeded to interview Mr. Mendez without counsel based on a scheduling miscommunication. Undersigned has spoken to the probation officer and her supervisor about the problem with this procedure and has been assured it will not occur in the future.

(iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and

(v)    the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, comment. n.3(C).   For example, a person who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.   *Id.* Furthermore, the commentary to § 3B1.2 specifically considers the case in which a defendant is a drug courier, stating that "a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored, may receive an adjustment under this guideline." *Id.*, comment. n.3(A).

Under the above factors, Mr. Mendez qualifies for the two-level reduction. First, Mr. Mendez did not participate in the planning or organization of the criminal activity.   He was simply responsible for transporting the drugs on one leg of the journey.  He did not procure the drugs.  He did not plan how to transport them or how to distribute them.  He was given very limited information regarding the overall scheme of the operation, and knew only that the vessel carrying narcotics would travel to meet another boat. Mr. Mendez and the other crew members performed a very discrete task within the broader context of the scheme.

3

For those same reasons, Mr. Mendez did not exercise or influence the exercise of decision-making authority, nor did he have discretion or responsibility over his own participation. He acted at the direction of another person, arriving when instructed, following coordinates given to him by another, taking the boat at the direction of another. Thus under the remaining factors, he also qualifies for the reduction.

Finally, this is precisely the type of case contemplated by § 3B1.2 and its commentary—a case in which a person is being paid to perform specific tasks (comment. n.3(C)), and a person whose participation was limited to transporting drugs (comment. n.3(A)). For the above reasons, Mr. Mendez qualifies for the minor-role reduction in § 3B1.2. The government does not concur in this objection.

## CONCLUSION

Based on the foregoing, Mr. Mendez respectfully requests that the court grant these objections to the Presentence Investigation Report.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:    */s/ Aimee Ferrer*
       Aimee Ferrer
       Assistant Federal Public Defender
       Florida Bar No. 17827
       150 W. Flagler Street, Suite 1700
       Miami, Florida 33130-1556
       Tel: (305) 530-7000
       Email: aimee_ferrer @fd.org

4

## CERTIFICATE OF SERVICE

I HEREBY certify that on **March 28, 2022,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  *s/ Aimee Ferrer*