**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA,**                    **CASE NO. 21-CR-20579-BB-3**

      **Plaintiff,**

**vs.**

**JOSE FELIX VASQUEZ,**

      **Defendant.**

_____/

**<u>DEFENDANT, JOSE FELIX VASQUEZ'</u>**
**<u>OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT</u>**

The Defendant, **JOSE FELIX VASQUEZ,** (hereinafter referred to as "Mr. Vasquez"), by and through his undersigned counsel, presents herewith his Objections to the Presentence Investigation Report ("PSI") [D.E. 44], and states as follows:

1.     **<u>Objection to Paragraph 28</u>: "Role Assessment"**

The Defendant objects to paragraph 28 of the PSI insofar as it states, "Neither an aggravating nor mitigating role adjustment is recommended for any of the defendants."

Specifically, it is respectfully submitted that based upon Mr. Vasquez' participation in the criminal conduct, he should receive a two (2) level minor role reduction pursuant to U.S.S.G. §3B1.2(b).

First, it should be noted that the PSI at paragraph 28 states, "Additionally, once law enforcement boarded the vessel, *Mendez identified himself as the master of the vessel* and made claim of Dominican nationality for the vessel. *Marmolejos was also identified as having piloted the vessel*. Mendez, Marmolejos and Vasquez are each accountable for 226 kilograms of cocaine."

In other words, Defendant Mendez was the master of the vessel, Defendant Marmolejos also piloted the vessel, however ***Defendant Vasquez was merely a crew member, nothing more.***

As noted in *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999), "[A] district court's determination of a defendant's mitigating role in the offense should be informed by two modes of analysis." *Id.* at 940. First, "the district court must measure the defendant's role against the relevant conduct for which [he] she has been held accountable." *Id.* Second, the district court must measure the defendant's role against the other discernable participants in the relevant conduct. *Id.* at 944–45.

The decision whether to apply a mitigating role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(c)). In *United States v. Cruickshank*, 837 F.3d 1182, 1194–95 (11th Cir. 2016), the Eleventh Circuit reaffirmed their holding in *De Varon* that a minor role reduction should be based on the "totality of the circumstances."

To assist the courts in making a role determination, the guidelines provide a list of non-exhaustive factors. *Id.* These factors include the degree to which the defendant (i) "understood the scope and structure of the criminal activity," (ii) "participated in planning or organizing the criminal activity," and (iii) "exercised decision-making authority or influenced the exercise of decision-making authority," as well as an examination of (iv) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts," and (v) "the degree to which the defendant stood to benefit from the criminal activity." *Id.* Section 3B1.2's commentary notes that the mere fact that a defendant performs an "essential or indispensable role in the criminal activity is not determinative."

Under *Rodriguez De Varon*'s first principle, we must ask whether Mr. Vasquez "played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy." 175 F.3d at 944. The record shows that all three of the defendants in this case are being held accountable for the entirety of the criminal scheme, therefore the question is:  Did Mr. Vasquez play a relatively minor role in the criminal conduct, unlike the other two defendants?

Under *Rodriguez De Varon*'s second principle, we ask whether Mr. Vasquez was less culpable than the other participants in the criminal activity.  In this regard, since ***Mendez identified himself as the master of the vessel*** and had control of the smuggling venture and ***Marmolejos also piloted the vessel***, Mr. Vasquez submits that he, as a mere crew-member, was certainly less culpable of the two.

At the time Mr. Vasquez was recruited to join the criminal venture, he was a self-employed fisherman who essentially lived in a "shack" in his village.  Therefore, it is clear that he had no knowledge of the overall scope of the smuggling conspiracy and certainly had a lesser amount of knowledge regarding the plan than the other defendants.

Based on the foregoing, Mr. Vasquez should receive a two (2) level minor role reduction pursuant to U.S.S.G. §3B1.2(b).

2.    **Objection to Paragraph 33:  "Base Offense Level"**

The Defendant objects to paragraph 33 of the PSI insofar as it states that the base offense level is 36.

The Defendant acknowledges that the Plea Agreement states that, "the amount of cocaine involved in the offense and for which the defendant is accountable is greater than 150 but less

than 450 kilograms," and that applying the guideline quantity table to that amount of cocaine results in a base offense level of 36.

However, the Plea Agreement merely refers to the drug quantity (weight), but does not contemplate any reduction in base offense level that may result from a mitigating role adjustment pursuant to U.S.S.G. §2D1.1(a)(5)(ii), which provides for a three (3) level reduction in the otherwise applicable base offense level.

Specifically, pursuant to U.S.S.G. §2D1.1(a)(5)(ii), when the mitigating minor role adjustment is applied as argued above, the base offense level becomes 33, rather than 36.

3.      **Objection to Paragraph 36: "Adjustment for Role in the Offense"**

The Defendant objects to paragraph 36 of the PSI insofar as it states, "Adjustment for Role in the Offense: None."

As discussed above in the objection to paragraph 28 of the PSI which is hereby incorporated by reference, Mr. Vasquez should receive a two (2) level minor role reduction pursuant to U.S.S.G. §3B1.2(b).

4.      **Objection to Paragraph 38: "Adjusted Offense Level"**

The Defendant objects to Paragraph 38 of the PSI with regard to the assertion that the *adjusted offense level* should be 34.

Specifically, when three (3) levels are deducted from the base offense level pursuant to U.S.S.G. §2D1.1(a)(5)(ii) and two (2) levels are deducted for the Defendant's minor role pursuant to U.S.S.G. §3B1.2(b), and the two (2) level safety valve reduction is applied, the result is an *adjusted offense level* of 29, rather than 34.

4

5.  **Objection to Paragraph 42: "Total Offense Level"**

The Defendant objects to Paragraph 42 of the PSI with regard to the assertion that the *total offense level* should be 31.

Specifically, when three (3) levels are deducted from the base offense level pursuant to U.S.S.G. §2D1.1(a)(5)(ii) and two (2) levels are deducted for the Defendant's minor role pursuant to U.S.S.G. §3B1.2(b), and the two (2) level safety valve reduction is applied, and three (3) levels are deducted for acceptance of responsibility, the *total offense level* would read 26, rather than 31.

6.  **Objection to Paragraph 67: "Sentencing Options - Guideline Provisions"**

The Defendant objects to Paragraph 67 of the PSI inasmuch as it reads, "Based upon a total offense level of 31 and a criminal history category of I, the guideline imprisonment range is 108 to 135 months."

It is submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a *total offense level of 26* and a criminal history category of I, the *advisory guideline imprisonment range* is **63 to 78 months**, before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

The within Corrections and Objections to the Presentence Investigation Report are filed in the utmost of good faith and in the interest of justice.

**WHEREFORE**, the Defendant, **JOSE FELIX VASQUEZ**, respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Defendant, *Jose Felix Vasquez*,)

*/s/  Ana M. Davide*
        ANA M. DAVIDE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of April, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/  Ana M. Davide*
        ANA M. DAVIDE

## SERVICE LIST

**United States of America v. Jose Felix Vasquez**
**Case No. 21-CR-20579-BB-3**
**United States District Court, Southern District of Florida**

Richard Earl Getchell , Jr., A.U.S.A.
DOJ-USAO
11200 NW 20 Street
Miami, FL 33172
305-715-7647
Fax: 305-715-7639
Email: richard.getchell@usdoj.gov

Annika Marie Miranda, A.U.S.A.
United States Attorney's Office - SDFL
99 N.E. 4th Street
7th Floor
Miami, FL 33132
305-961-9303
Email: annika.miranda@usdoj.gov

Yvonne Rodriguez-Schack, A.U.S.A.
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9014
Fax: 536-7213
Email: Yvonne.Rodriguez-Schack@usdoj.gov

Dianne Valdez
United States Probation Officer
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, Florida 33128
Telephone: (305) 523-5364
dianne_valdez@flsp.uscourts.gov