UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:2021-CR-20579-BLOOM

UNITED STATES OF AMERICA,

v.

ADALBERTO MARMOLEJOS.

_____/

## SENTENCING MEMORANDUM

When Adalberto Marmolejos was 8 years old, he started shining shoes to help his family and then worked overtime to buy a bicycle to go to school.  He lived with his father, mother, and three siblings in a 3-bedroom, 1-bathroom home.  Adalberto was raised very poor in the Dominican Republic and had to drop out of school in the 7th grade. He has consistently applied himself at honest labor since the age of 8.  Before his arrest, Adalberto had worked his way up to self-employed fisherman earning the equivalent of $146 a month.

Mr. Marmolejos first marriage produced two children, but his wife and mother of the children left both kids to Mr. Marmolejos after she decided that he was better suited to care for their children since she had a very active social life.

Mr. Marmolejos has been with Flor de Lisa Mercado de Marmolejos since 2016 and legally married in January 2021.  They have one child in common aged 3 and live in the same home with Adalberto's first two children and Flor de Lisa's first two sons — whom he adopted as his own.  In total, Mr. Marmolejos is the father and support of five children and a wife.  All seven live in a 2-bedroom, 1-bathroom residence in Puerto Plata, Dominican Republic, and pay $11.00 a month rent.

1

Photographs of Mr. Marmolejo with his family:



Mr. Marmolejos is a 40-year-old man who has already suffered two heart attacks, the second of which put him in a coma for a week in 2006.  He presently also suffers from digestive issues.  According to the Presentence Investigation Report, Adalberto has a net worth of $9.00. He had never been in trouble with the law until this episode.  Mr. Marmolejos was offered $30,000.00 in U.S. Currency and paid $363.00 to take a 23-foot, 1-engine panga, equipped with only food, water, and a compass across a dangerous sea from the Dominican Republic to Colombia and then return ferrying a large amount of cocaine.  The trip to Colombia took two days.  It is a miracle they made it to Colombia alive and it would probably have taken another miracle for him to have made it home and be paid by the criminals who corrupted him.

It is evident that the men who comprise the sea transportation for these cocaine conspiracies are at the absolute bottom rung and are considered disposable by the traffickers who produce and ship the drugs and the traffickers who receive and distribute them.  What is even more unfortunate is that these profiteers specifically target, tempt, and corrupt men like Mr. Marmolejos who are hard-working and maintain families as opposed to local ruffians, precisely because they are responsible and are willing to give their lives for the children.  These men should be considered minimal players, especially, when one considers the economic forces of supply and demand that drive the cocaine trade.

The guidelines consider a defendant driving a truck with 150 kilos across the eastern seaboard a minor participant. The trucker, however, is a much more important and high-ranking player than the poor fisherman who risks his life on a small boat on the high seas for peanuts. The government tells the court that the poor fisherman in the Dominican Republic should receive a much higher sentence than the trucker delivering the same amount of cocaine to distributers in Manhattan.

The Court should note that the cocaine seized in this case was intended to be delivered to the Dominican Republic and has not been shown to be destined for the United States, nor was Mr. Marmolejos informed of anything other than transportation to the Dominican Republic.

18 U.S. Code § 3553 directs the court to impose a sentence sufficient—but not greater than necessary—to reflect the nature and circumstances of the offense, and the Defendant's history and characteristics. *See* 18 U.S.C. § 3553(2) (2018). The sentence should reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, to afford adequate deterrent from criminal conduct, and to protect the public from further crimes of the defendant. *See id.* The guidelines are but one of many factors to be considered by the Court when imposing a sentence.

There is no known program that informs the poor communities that produce these desperate fishermen of the sentences being meted by U.S. Courts to their sons, husbands, and fathers.  Accordingly, there is little or no deterrent value associated with the sentences issued by the Court, much less by the sentence suggested by the Presentence Investigation Report and the Government.

Considering the circumstances of the offense, the tragic history and characteristics of Mr. Marmolejos, in addition to the fact that it will cost at least half a million dollars of taxpayer monies to maintain and supervise Mr. Marmolejos for the period suggested by the government, a sentence of 9 years is not only unnecessarily harsh, but also a vicious gut punch to the American taxpayer.

Applying the dictates of §3553, a sentence of five years is sufficient, but not greater than necessary to punish a first offender and father of five who was making $146 per month in the Dominican Republic at the time of the offense.

I HERBY CERTIFY that a true and correct copy of the foregoing was provided to the office of the United States Attorney via the CM/ECF filing system this date.

Respectfully submitted,

*/s/ Juan de Jesus Gonzalez*

**JUAN DE JESUS GONZALEZ,  LAWYER**
**Attorney for Adalberto Marmolejos**
**JUAN DE JESUS GONZALEZ, LAWYER, PA**
**2460 SW 137 Avenue, Suite 254**
**Miami, Florida  33175**
**Tel:    (305) 596-4500**
**Fax:   (305) 596-4515**
**JuanGonzalezLaw@aol.com**